814 F.2d 977
 UNITED STATES of America, Appellee,
v.
Lorenzo ALLEN, a/k/a Ren, Appellant.
UNITED STATES of America, Appellee,
v.
Frances Sylvester LINDSEY, Appellant.
UNITED STATES of America, Appellee,
v.
Roger Lee HARRELL, a/k/a DuBuck, Appellant.
 Nos. 85-5170(L), 85-5171 and 85-5172.
 United States Court of Appeals,
Fourth Circuit.
 March 31, 1987.
 
 John W. Eppler (Harlan, Knight, Dudley & Pincus on brief); Chris A. Christie (Christie, Held, Kantor, Spanoulis & Christie on brief); Paul Ray for appellants.
 Philip Krajewski, Asst. U.S. Atty. (Elsie L. Munsell, U.S. Atty., on brief) for appellee.
 Before ERVIN and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Appellants were convicted of armed bank robbery in violation of 18 U.S.C. Sec. 2113(a), (d) and for conspiracy to commit that offense under 18 U.S.C. Sec. 371. They appealed on three grounds, one of which claimed that the prosecutor's selection of the jury was racially motivated. This court affirmed. 787 F.2d 933 (4th Cir.1986). In Batson, the Supreme Court held that defendants may establish a prima facie case of purposeful discrimination in juror selection "solely on evidence concerning the prosecutor's exercise of peremptory challenges at the defendant's trial." Batson v. Kentucky, --- U.S. ----, 106 S.Ct. 1712, 1722-23, 90 L.Ed.2d 69 (1986).
 
 
 2
 The Supreme Court subsequently held that Batson applied retroactively to all cases pending on direct review. Griffith v. Kentucky, --- U.S. ----, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987). Therefore, the Supreme Court granted certiorari, vacated the judgment, and remanded this case for reconsideration. Allen v. U.S., --- U.S. ----, 107 S.Ct. 1271, 94 L.Ed.2d 132 (1987). The holdings on the other two issues, regarding the admissibility of lay opinion evidence and evidence obtained during a Terry stop, were not affected.
 
 
 3
 The appellants initially contended that the prosecutor used his peremptory challenges to systematically exclude blacks from the jury. The government responded that three black citizens served on the trial jury. In the supplemental briefs requested by this court after Batson, the government also contended that it did not use its final peremptory challenge to remove any of these black jurors.
 
 
 4
 We believe that factual contentions of this nature are best resolved in the district court. "We have confidence that trial judges, experienced in supervising voir dire, will be able to decide if the circumstances concerning the prosecutor's use of peremptory challenges creates a prima facie case of discrimination against black jurors." Batson, 106 S.Ct. at 1723. Therefore, we remand to the district court for reconsideration of this issue in light of Batson.